UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF COAST SHELL AND<br>AGGREGATE, L.P. | CIVIL ACTION NO. 06-557<br>ADMIRALTY<br>FED. R. CIV. PRO. 9(H) |
| VERSUS | |
| THE DREDGE LA CONCHA,<br>*IN REM*, and CHARLES T. NEWLIN,<br>INDIVIDUALLY | JUDGE DONALD E. WALTER |

## JUDGMENT

Before this Court is Defendant Charles T. Newlin and Claimant Quimicos Amibex S.A. De C.V.'s Motion to Show Cause and to Dismiss [Document 83]. For the reasons assigned herein, the Motion to Dismiss is **GRANTED**.

### FACTUAL BACKGROUND

On December 14, 2006, Gulf Coast Shell and Aggregate L.P. ("Gulf Coast") filed this action, a possessory suit and to try title, within the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, and within Rule C and Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims. Quimicos Amibex, S.A. de C.V. ("Quimicos") then filed a Claim of Owner asserting a right of ownership interest the in Dredge La Concha ("Dredge"). Defendant Newlin and Claimant Quimicos now assert that Gulf Coast is without authority or the capacity to sue in the captioned matter.[1]

---

[1] Prior to this suit, Charles T. Newlin filed an action in the 36th Judicial District in Aransas County, Texas, No. A-06-0210-CV-A, wherein he alleges that Quimicos Amibex, S.A. de C.V. is the owner of the Dredge. The suit has not been resolved and is currently pending in state court.

1

Gulf Coast is a limited partnership organized under Texas law in 2005. The limited partnership is comprised of the following ownership interests:

| | | | | |
|---|---|---|---|---|
| Richmond Materials Company | — | 49 % | — | Limited Partner |
| Dean Koy | — | 49 % | — | Limited Partner |
| Gulf Coast Shell & Aggregate Co. | — | 2 % | — | General Partner |
|    Richmond Materials   (1%) | | | | |
|    Dean Koy   (1%) | | | | |

Richmond Materials Company is controlled by Roy Beken, thus he and Dean Koy ("Koy") essentially have equal rights and management of the limited partnership.

Koy signed a proffer of testimony in which he declares: "We should never have seized the dredge. I own one half of Gulf Coast Shell and Aggregate, L.L.P. and I want that company to release the claim for the dredge." Doc. 83, Ex. 3. In the present motion, Defendant Newlin and Claimant Quimicos contend that, because Koy does not want to pursue this lawsuit, Gulf Coast lacks the authority of a majority of its owners or of a general partner to bring suit it its own name.

## LAW AND ANALYSIS

The capacity of a partnership to sue or be sued in a federal court shall be determined by the law of the state in which the district court is held. Fed. R. Civ. Pro. 17(b). Under Texas law, a partnership is a entity distinct from its partners and has the power to sue and be sued in its own name. *See* Tex. Civ. St. Art. 6132b-3.01, now codified in Tex. Bus. Org. Code § 152.056. Unless there is an agreement to the contrary, each partner has equal rights in the management and conduct of the business of a partnership. *See* Tex. Civ. St. Art. 6132b-4.01, now codified in Tex. Bus. Org. Code § 152.203. With respect to limited partnerships, a general partner acting with authority has the capacity to bring a suit in the name of the limited partnership. A general partner has such authority

only when a majority-in-interest of the partners agree to such action. *See* Tex. Bus. Org. Code § 152.209.

In the present matter, the general partner is owned equally by Koy and Richmond Materials, with Dean Koy listed as the managing member. The limited partnership interests are also owned equally by Koy and Richmond Materials. Koy did not sign an affidavit in the claim for the Dredge, nor has Plaintiff provided any evidence demonstrating Koy's participation or concurrence in the claim for the Dredge. Consequently, without Koy's concurrence, Gulf Coast is without the authority of a majority of its owners or its general partner to pursue this lawsuit.

Because the Plaintiff lacks the requisite authority and capacity to sue in its own name, the claims are proper only as a derivative action brought by a limited partner. A limited partner may bring a derivative action "to recover a judgment in the limited partnership's favor" if the general partners are without authority or refuse to do so. *Id.* Art. 10, § 10.01 (Vernon Supp. 2005), now codified by Tex. Bus. Org. Code § 153.401. In a derivative action, the complaint must specifically state the effort of the plaintiff to secure initiation of the action by a general partner or the reasons for not making such an effort. Tex. Bus. Org. Code § 153.403. This matter was neither brought in the name of Richmond Materials, a limited partner, nor did the complaint satisfy the heightened pleading requirements for a derivative suit.

**CONCLUSION**

Plaintiff lacks the requite authority and capacity to bring suit in the name of the limited partnership and has not satisfied the requirements of a derivative action. Furthermore, Plaintiff has failed to show cause demonstrating why this action should proceed. Therefore, the Motion to Show Cause and to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT**

3

PREJUDICE.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of October, 2008.

*[signature]*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE